Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500

*Of Counsel:*
Lisa B. Pensabene *(pro hac vice* pending)
James Y. Li *(pro hac vice* pending)
Jon T. Clark *(pro hac vice* pending)
Yune-Ting T. Chiang *(pro hac vice* pending)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Tel: (212) 326-2000

*Attorneys for Defendant*
*Tris Pharma, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAZZ PHARMACEUTICALS IRELAND LIMITED, <br><br> *Plaintiff*, <br><br> v. <br><br> TRIS PHARMA, INC., <br><br> *Defendant*. | Case No. 2:26-cv-01739-SRC-JSA <br><br> **Motion Day: June 1, 2026** |

## REPLY IN SUPPORT OF DEFENDANT
## TRIS PHARMA, INC.'S MOTION TO DISMISS PURSUANT TO
## <u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................1

II.   ARGUMENT...........................................................................................1

    A.    Jazz Misstates the Pleading
            Standard in Hatch-Waxman Cases.......................................................1

    B.    Tris's Label and Section 505(b)(2)(B)
            Statements Are Integral to Jazz's Complaint
            and Warrant Dismissal of Jazz's Complaint .......................................5

    C.    Jazz Cannot Avoid Dismissal by
            Speculating That FDA Would Not Accept
            Tris's Label and Section 505(b)(2)(B) Statements ..............................8

          1.    Jazz Cannot Maintain Suit Based
                on Speculation about Future FDA Conduct...............................8

          2.    Jazz's Citations to Citizen Petitions
                for Third-Party ANDA Products Have
                No Bearing on the Motion to Dismiss .....................................10

    D.    Jazz Has Not, and Cannot, Raise Any Questions of
            Fact That Would Preclude Dismissal of Jazz's Complaint.................12

    E.    Any Amendment Would Be Futile ....................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam Techs. LLC v. Well Shin Tech. Co.*,
2020 WL 2125007 (D.N.J. May 5, 2020) ...........................................................................12

*AstraZeneca LP v. Apotex, Inc.*,
633 F.3d 1042 (Fed. Cir. 2010) ...........................................................................................13

*AstraZeneca Pharms. LP v. Apotex Corp.*,
669 F.3d 1370 (Fed. Cir. 2012) ..................................................................................... passim

*Bayer Healthcare LLC v. Norbrook Lab'ys, Ltd.*,
2009 WL 6337911 (E.D. Wis. Sept. 24, 2009) ...................................................................10

*Belcher Pharms., LLC v. Int'l Medication Sys., Ltd.*,
379 F. Supp. 3d 326 (D. Del. 2019) .......................................................................................2

*Celgene Corp. v. Sun Pharma Global FZE*,
2020 WL 1921700 (D.N.J. Apr. 6, 2020)...............................................................................4

*Cima Labs, Inc. v. Actavis Grp. HF*,
2007 WL 1672229 (D.N.J. June 7, 2007) ..........................................................................4, 7

*Corcept Therapeutics, Inc. v. Teva Pharms. USA, Inc.*,
2018 WL 5263278 (D.N.J. Oct. 23, 2018).........................................................................4, 7

*Eagle Pharms., Inc. v. Slayback Pharma LLC*,
382 F. Supp. 3d 341 (D. Del. 2019),
*aff'd*, 958 F.3d 1171 (Fed. Cir. 2020) ...............................................................................5, 6

*Ferring B.V. v. Watson Lab'ys, Inc.-Fla.*,
764 F.3d 1382 (Fed. Cir. 2014) ...........................................................................................10

*H. Lundbeck A/S v. Lupin Ltd.*,
87 F.4th 1361 (Fed. Cir. 2023)...............................................................................................3

*In re Entresto (Sacubitril/Valsartan) Pat. Litig.*,
2022 WL 16921985 (D. Del. Nov. 14, 2022) .....................................................................3, 6

*Novartis Pharms., Corp. v. Wockhardt USA LLC*,
2013 WL 5770539 (D.N.J. Oct. 23, 2013) ....................................................................... 3, 6, 8

*Par Pharm., Inc. v. Hospira, Inc*,
2018 WL 3343238 (D. Del. May 11, 2018)........................................................................6, 7

*Par Pharm., Inc. v. Luitpold Pharms., Inc.*,
2017 WL 452003 (D.N.J. Feb. 2, 2017) ....................................................... 6, 9, 12

*Rayner Surgical Inc. v. Somerset Therapeutics, LLC*,
2026 WL 905689 (D.N.J. Apr. 2, 2026) ............................................................4

*Sepracor, Inc. v. Barr Pharms., Inc.*,
2010 WL 6243314 (E.D.N.C. Dec. 3, 2010) ......................................................10

*Shire LLC v. Amneal Pharms., LLC*,
2012 WL 12909909 (D.N.J. Dec. 28, 2012) ......................................................13

*Zogenix, Inc. v. Apotex Inc.*,
No. 21-CV-1252-RGA (D. Del. June 16, 2023),
*report and recommendation adopted*,
2023 WL 5835828 (D. Del. Sept. 8, 2023) ......................................................3, 6

## I.  INTRODUCTION

Tris's NDA does not seek approval for the claimed methods of use. Jazz effectively admits as much, identifying no argument under which the current NDA could infringe and relying instead on speculation that FDA will, someday in the future, require Tris to add an infringing use. Federal Circuit precedent precludes Jazz's speculative claims for infringement.

Jazz's opposition does not, and cannot, address the Federal Circuit and Third Circuit cases dismissing Hatch-Waxman complaints where, as here, the NDA label and Section 505(b)(2)(B) statements exclude the patented methods of use. Jazz's citations to non-analogous cases do not generate any disputed questions of facts that would preclude dismissal. Jazz's complaint must therefore be dismissed.

## II.  ARGUMENT

### A.  Jazz Misstates the Pleading Standard in Hatch-Waxman Cases

Jazz does not dispute that its complaint "is entirely devoid of any factual allegations that could support a claim for direct, induced, or contributory infringement." Op. at 8 (citing Br. at 13–17). Instead, Jazz claims that such "'factual allegations' . . . are unnecessary," and that rules for Hatch-Waxman complaints merely require Jazz to plead its interest in the asserted patents, the filing of Tris's NDA, and Jazz's conclusory allegation that the NDA infringes the patents. *Id.* at 9–11. Jazz is mistaken.

Jazz's primary support, *Belcher Pharms., LLC v. Int'l Medication Sys., Ltd.*, makes clear that its holding is not to all Hatch-Waxman cases but to situations where "Defendants' asserted defenses (i.e., anticipation, obviousness) appear to involve disputed facts." 379 F. Supp. 3d 326, 333 n.5 (D. Del. 2019). The *Belcher* court noted that fact-dependent defenses made *Belcher* "quite different" from other Hatch-Waxman cases where "the Court granted motions to dismiss infringement claims [because] it was clear from the **face of the complaint** and the **other materials the Court was permitted** to consider **that [] the plaintiff's claims lacked merit**." *Id.*[1]

The undisputed facts in this case present a canonical example where the face of the complaint and the materials the Court is permitted to consider show that Tris cannot infringe the asserted patents. Jazz does not dispute the fact that Tris's label does not instruct concomitant administration with divalproex sodium. Br. at 6. It is also undisputed that Tris certified under Section 505(b)(2)(B) that it would not seek approval for the claimed methods of concomitant administration. *Id.* at 6–8. As the Federal Circuit held in *AstraZeneca Pharms. LP v. Apotex Corp.*, because Tris is only "seeking to market a drug . . . for unpatented methods of treatment," Jazz "has not alleged, nor could it allege" a viable claim under the Hatch-Waxman Act. 669 F.3d 1370, 1379 (Fed. Cir. 2012).

---

[1] All emphasis added unless otherwise noted.

Third Circuit courts have duly followed *AstraZeneca*'s holding, including in a nearly factually identical case where the court dismissed a Hatch-Waxman complaint alleging infringement of concomitant administration patents "because [defendant's] label carves out references to fenfluramine administered concomitantly with stiripentol." Br. at 15-16 (quoting Ex. 5, *Zogenix, Inc. v. Apotex Inc.*, No. 21-CV-1252-RGA, ECF No. 159, at 11 (D. Del. June 16, 2023), *report and recommendation adopted*, 2023 WL 5835828 (D. Del. Sept. 8, 2023)); *see also id.* at 12 (citing *Novartis Pharms., Corp. v. Wockhardt USA LLC*, No. 12-CV-3967, 2013 WL 5770539, at *7 (D.N.J. Oct. 23, 2013) and *In re Entresto (Sacubitril/Valsartan) Pat. Litig.*, No. 20-MD-2930-RGA, 2022 WL 16921985, at *3 (D. Del. Nov. 14, 2022)).

Jazz's attempt to distinguish the carve out of an "entire indication" in *AstraZeneca* and carving out other information is plainly wrong. Op. at 23–24. "FDA regulations permit an ANDA filer to omit 'an indication **or other aspect of labeling protected by patent.**'" *H. Lundbeck A/S v. Lupin Ltd.*, 87 F.4th 1361, 1371 (Fed. Cir. 2023) (finding no infringement where "defendants' ANDA labels 'carved out' the superiority data in the clinical studies portion of the label"); *Zogenix, Inc. v. Apotex Inc.*, No. 21-1252, 2023 WL 5835828 (D. Del. Sept. 8, 2023) (granting motion to dismiss because the "label carves out references to [the patented method of] fenfluramine administered concomitantly with stiripentol").

3

While *AstraZeneca* and its progeny are directly on point here, Jazz relies on dicta from inapposite cases where neither the label nor Section 505(b)(2)(B) statements were at issue. *See* Op. at 9 (discussing *Rayner Surgical Inc. v. Somerset Therapeutics, LLC*, No. 24-9017, 2026 WL 905689, at \*4–5 (D.N.J. Apr. 2, 2026) (concerning a claim construction dispute); *Corcept Therapeutics, Inc. v. Teva Pharms. USA, Inc.*, No. 18-3632, 2018 WL 5263278, at \*3 n.3 (D.N.J. Oct. 23, 2018) (concerning a factual dispute requiring "expert input and claim construction"); *Cima Labs, Inc. v. Actavis Grp. HF*, No. 07-893, 2007 WL 1672229, at \*3 (D.N.J. June 7, 2007) (concerning "argument [] premised on the[] construction of certain terms"); *Celgene Corp. v. Sun Pharma Global FZE*, No. 19-10099, 2020 WL 1921700, at \*3 (D.N.J. Apr. 6, 2020) (concerning subject matter jurisdiction)).

Jazz's policy-based justification for its argued "standard" likewise fails. Op. at 10. Jazz seemingly alleges that the Hatch-Waxman Act created a pleading standard immune from motions to dismiss. *Id.* The actual, relevant policy aims articulated by the Federal Circuit are: "[T]he [Hatch-Waxman] Act allows generic manufacturers to limit the scope of regulatory approval they seek—and thereby **forego Paragraph IV certification and a § 271(e)(2) infringement suit—by excluding patented indications** from their [applications]." Br. at 11-12 (quoting *AstraZeneca*, 669 F.3d at 1379). In other words, the Hatch-Waxman Act permits companies like Tris to avoid Hatch-Waxman litigation of method of use patents if

4

they do not seek approval for the patented use. That purpose would be undermined by granting patentees *carte blanche* to drag defendants through litigation based on the mere filing of an NDA.

### B. Tris's Label and Section 505(b)(2)(B) Statements Are Integral to Jazz's Complaint and Warrant Dismissal of Jazz's Complaint

Jazz also asks the Court to ignore the contents of Tris's NDA on which the complaint is based. To justify its stance, Jazz says it has made no specific references to Tris's NDA in its complaint. Op. at 11–12. Jazz's head-in-the-sand approach—the less alleged in the complaint, the more immune it is to a motion to dismiss—defies common sense and controlling precedent.

As the Federal Circuit explained in *AstraZeneca*, the "court [is] entitled to examine documents '**integral to <u>or</u> explicitly relied upon** in the complaint' in evaluating motions to dismiss." 669 F.3d at 1378 n.5. The "critical [inquiry] is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Eagle Pharms., Inc. v. Slayback Pharma LLC*, 382 F. Supp. 3d 341, 343 n.1 (D. Del. 2019), *aff'd*, 958 F.3d 1171 (Fed. Cir. 2020). In other words, where extrinsic documents determine whether plaintiff states a claim for relief, those documents are integral to the complaint and can be considered by the Court even if they are not expressly cited in the complaint.

Jazz admits its complaint is based on "the filing of Tris's 505(b)(2) NDA," the same NDA it seeks to hide from the Court's consideration. Op. at 9 (citing ECF

5

No. 1 at ¶¶ 1, 24-27). As a result, Tris's label and Section 505(b)(2)(B) statements[2] are "integral to" the infringement analysis here. *AstraZeneca*, 669 F.3d at 1378 n.5; *see also Eagle Pharms.*, 382 F. Supp. 3d at 343 n.1; *Par Pharm., Inc. v. Luitpold Pharms., Inc.*, No. 16-CV-02290-WHW-CLW, 2017 WL 452003, at *4 (D.N.J. Feb. 2, 2017) ("[I]t is permissible to consider patent file histories and a moving defendant's ANDA filings."). This is particularly true where, as here, the label and Section 505(b)(2)(B) statements are determinative of the infringement question for the motion to dismiss. *AstraZeneca*, 669 F.3d at 1379. Thus, in cases where the label and Section 505(b)(2)(B) statements exclude the patented method of use, the Court can and should consider those documents in deciding a motion to dismiss. *Id.*; Ex. 5, *Zogenix*, No. 21-CV-1252-RGA, ECF No. 159, at 11; *Novartis*, 2013 WL 5770539, at *7; *In re Entresto*, 2022 WL 16921985, at *3.

Jazz again relies on case law afield from the situation here—Jazz's cited cases do not address documents "integral to" the complaint. In *Par Pharm., Inc. v. Hospira, Inc*—a case Jazz dedicates a full page to (Op. at 12)—the defendant asked the court to review the ANDA "to provide necessary **context** regarding the claims." No. CV 17-944-JFB-SRF, 2018 WL 3343238, at *2 (D. Del. May 11, 2018). Unsurprisingly, the court refused, finding "Hospira does not direct the court to any binding precedent suggesting that a document not referenced in the complaint may

---

[2] These regulatory filings are part of Tris's NDA. *See* Br. at 2, 8; *id.*, Ex. 3.

be considered on a motion to dismiss **for purposes of providing context**." *Id.* Critically, the *Par* court distinguished its holding from cases where documents integral to the complaint are considered for a motion to dismiss, such as in *AstraZeneca*, where "the plaintiff **could not state a claim for infringement**" because defendants excluded the patented indications from their regulatory filings. *Id.* at *3 n.2.

Moreover, *Par* and Jazz's other cited cases raised additional factual disputes that could not be decided on a motion to dismiss. *Id.* at *3 ("The parties' briefing on the pending motion includes competing interpretations of the claim term 'about.'"); *Cima*, 2007 WL 1672229, at *3 (concerning arguments "premised on the[] construction of certain terms"); *Corcept*, 2018 WL 5263278, at *3 n.3 (concerning a factual dispute requiring "expert input and claim construction"). Unlike the facts in Jazz's cited cases, the regulatory filings cited by Tris directly resolve the question of infringement of the asserted patents. Because of Tris's label and Section 505(b)(2)(B) statements, Tris "**cannot infringe** under § 271(e)(2)." *AstraZeneca*, 669 F.3d at 1379. In this context, the Court can and should consider Tris's NDA because it is integral to Jazz's complaint and Tris's motion to dismiss.

7

**C.     Jazz Cannot Avoid Dismissal by Speculating That FDA Would Not Accept Tris's Label and Section 505(b)(2)(B) Statements**

**1.     Jazz Cannot Maintain Suit Based on Speculation about Future FDA Conduct**

Recognizing that Tris's NDA—as it currently exists—does not infringe, Jazz argues that Tris's motion to dismiss should nevertheless be denied because it "relies on speculation" about FDA's approval of Tris's NDA. Op. at 14-16. Jazz supports this allegation by relying on a single out-of-context statement from *AstraZeneca*: "AstraZeneca does not allege or argue that Appellees' Section viii statements were erroneous, nor would an unfounded Section viii statement necessarily immunize an ANDA that actually seeks approval for a patented treatment." 669 F.3d at 1380. Jazz seemingly alleges that Tris's Section 505(b)(2)(B) statements are "erroneous" because FDA will not ultimately accept those statements. But Jazz cites no case supporting this interpretation, which is directly refuted by the holding of *AstraZeneca*.[3]

In *AstraZeneca*, the defendants amended their FDA filings to exclude patented indications from their labels. 669 F.3d at 1374 n.2, 1381. The patentee argued that

---

[3] *AstraZeneca* actually states that a Section 505(b)(2)(B) statement is "erroneous" where the generic nevertheless "seeks approval for a patented treatment." *Id.* at 1380; *Novartis*, 2013 WL 5770539, at *7 (requiring patentee to show that defendant "**misrepresented the actual contents of their proposed labeling**."). Tris's statements are not "erroneous" because Tris's label accords with those statements— Tris's label says to **"[a]void concomitant use** of [Tris's product] and divalproex sodium." Br., Ex. 1 at 14.

FDA would not accept those labels, but would require defendants to add in the infringing indications. *Id.* at 1380 (alleging "that 'the FDA will require the label for [defendants' products] to include information relating to' the uses claimed in the [asserted] patents"). The Federal Circuit explained, however, that patentee's speculation that FDA would require defendants to add in the infringing indications "are unripe. . . . because these claims rest on contingent future events that may never occur." *Id.* at 1381. "Regardless what may or may not occur in the future, the infringement analysis under § 271(e)(2) is limited to whether the accused infringer's ANDA seeks approval for activities that would constitute infringement." *Id.* The Federal Circuit therefore affirmed dismissal of the Hatch-Waxman complaints even though FDA had not yet approved each of defendants' ANDA applications. *Id.* (noting that only some of the ANDAs at issue in the case had been approved).

Likewise, this Court addressed this exact issue in *Par v. Luitpold*, 2017 WL 452003. Just like Tris's NDA, Luitpold's regulatory filing, as it existed, did not infringe. *Id.* at *6. Just as Jazz's claim here, "Par's claim [was] entirely premised on speculation that future, uncertain amendments to Luitpold's ANDA will infringe Par's patents." *Id*. But this Court held such an "argument misses the mark because it is premised on the mistaken belief that the Court can and should determine patent infringement by looking to . . . **ANDAs not yet in existence**. . . . § 271(e)(2) was not designed to cover such future acts." *Id.*

9

Jazz's citations do not justify a different result. First, Jazz's discussion of *Ferring B.V. v. Watson Lab'ys, Inc.-Fla.* supports Tris's position. Op. at 15 (citing 764 F.3d 1382 (Fed. Cir. 2014)). *Ferring* merely holds that the court must consider the current version of a party's regulatory filings—rather than past or future speculative filings—which is exactly Tris's point. *Ferring*, 764 F.3d at 1390 ("There is no support for the proposition that the question of infringement must be addressed solely based on the initial ANDA filing, given that the statute contemplates that the ANDA will be amended as a matter of course."). Nothing in *Ferring* suggests that a party can avoid dismissal based on speculation about future amendments.

Second, Jazz cites pre-*AstraZeneca* district court decisions *Sepracor* and *Bayer*. Op. at 15–16 (discussing *Sepracor, Inc. v. Barr Pharms., Inc.*, No. 4:08-CV-89-H-3, 2010 WL 6243314, at *2–3 (E.D.N.C. Dec. 3, 2010) and *Bayer Healthcare LLC v. Norbrook Lab'ys, Ltd.*, No. 08-C-0953, 2009 WL 6337911, at *7 (E.D. Wis. Sept. 24, 2009)). Both of these out-of-district cases were decided before the Federal Circuit's contrary holding in *AstraZeneca*, which directly refutes their logic. Neither *Sepracor* nor *Bayer* remain good law after *AstraZeneca*.

### 2. Jazz's Citations to Citizen Petitions for Third-Party ANDA Products Have No Bearing on the Motion to Dismiss

In view of the Federal Circuit's precedent in *AstraZeneca*, Jazz's citations to citizen petitions regarding third-party ANDA products are red herrings that are wholly irrelevant to the instant motion. Op. at 17–21. The safety and efficacy of

10

Tris's NDA is a question for FDA. That question has no bearing on the issue before this Court: whether Tris's NDA, as currently submitted, seeks approval for uses that would infringe the patents-in-suit. *AstraZeneca*, 669 F.3d at 1381. Jazz's citations, therefore, raise no questions of fact that could preclude dismissal of the complaint.

Regardless, there are three fatal flaws with Jazz's position. First, Jazz cites a decision where FDA did not permit one ANDA applicant to carve out safety information regarding concomitant administration. Op. at 17–21, Ex. C. But Tris did not file an ANDA; instead, Tris filed a 505(b)(2) application, meaning Tris's product is meaningfully different from Xyrem, whereas a drug product under an ANDA is not. Second, Jazz cites a second FDA decision where FDA permitted another ANDA applicant to omit concomitant administration information based on studies showing no significant drug-drug interaction. Op. at 20-21. Thus, even if FDA's ANDA decisions were relevant, they do not show a *per se* bar on Tris's label. Third, unlike labels that simply omitted safety information about concomitant administration, Tris's label affirmatively addressed the safety issue the FDA identified, instructing that concomitant administration should be avoided altogether.

More importantly, these disputes are irrelevant to the present motion. Dismissal is warranted because Tris's NDA—as it currently exists—does not seek approval for the claimed methods of use. Jazz effectively admits as much, identifying no argument under which Tris's current NDA could infringe and relying

11

instead on speculation that FDA will, someday in the future, require Tris to add an infringing use. But Jazz cannot maintain its litigation against a currently non-infringing NDA based on speculation. *AstraZeneca*, 669 F.3d at 1381.

### D. Jazz Has Not, and Cannot, Raise Any Questions of Fact That Would Preclude Dismissal of Jazz's Complaint

The Federal Circuit has made clear that where, as here, the NDA label and Section 505(b)(2)(B) statements show that Tris is "seeking to market a drug . . . for unpatented methods of treatment," then Jazz "has not alleged, nor could it allege" a viable claim under the Hatch-Waxman Act. *AstraZeneca*, 669 F.3d at 1379. There are no factual disputes here that would preclude dismissal of Jazz's complaint. By its own admission, Jazz did not make any "factual allegations" in its complaint (Op. at 10), and it cannot add them now. *Adam Techs. LLC v. Well Shin Tech. Co.*, No. 18-CV-10513, 2020 WL 2125007, at *3 (D.N.J. May 5, 2020) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

### E. Any Amendment Would Be Futile

Any amendment to Jazz's complaint would be futile. Br. at 17–18. "In many cases, such as this one, the [regulatory filing] directly resolves the infringement question because it defines a proposed generic product in a manner that . . . is outside the scope of [the] claim." *Luitpold*, 2017 WL 452003, at *6. That is the case here, where Tris's label and Section 505(b)(2)(B) statements directly refute the possibility

12

of infringement. *Supra* 2–4. Jazz's citations to inapposite cases—*Rayner*, *Cima*, and *Par*—where clear factual disputes were alleged is irrelevant. *Supra* 3–4. Jazz's reliance on *AstraZeneca 2010* and *Shire* are likewise misplaced because the labels in those cases contained instructions that could infringe. Op. at 23 (citing *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042 (Fed. Cir. 2010) and *Shire LLC v. Amneal Pharms., LLC*, No. 11-3781(SRC)(CLW), 2012 WL 12909909 (D.N.J. Dec. 28, 2012)). Jazz cannot point to any analogous instructions in Tris's label. As it stands, Jazz's asserted patents cover concomitant administration with divalproex sodium, but Tris's NDA excludes that use from its label; therefore, Tris "**cannot infringe** under § 271(e)(2)." *AstraZeneca*, 669 F.3d at 1379. Any amendment would further Jazz's misuse of its patents to block non-infringing uses. Br. at 18. Accordingly, Jazz's complaint should be dismissed without leave to amend.

13

Dated: May 26, 2026


OF COUNSEL:

Lisa B. Pensabene *(pro hac vice* pending)
James Y. Li *(pro hac vice* pending)
Jon T. Clark *(pro hac vice* pending)
Yune-Ting T. Chiang *(pro hac vice* pending)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
Telephone: 212) 326-2000
Facsimile: (212) 326-2061

/s/ *Charles H. Chevalier*
Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500

*Attorneys for Defendant*
*Tris Pharma, Inc.*

14